Judge Underwood
delivered the opinion of the Court.
Upon a re-examination of this case, under the suggestions of counsel, we have thought it unnecessary, if not premature, to settle the extent of Marshall’s liability, at this time. We have therefore determined to set aside the opinion heretofore delivered, and to reverse the decree of the circuit court,, for the error committed in rendering a decree against Marshall, until the complainant in that court, had subjected the property conveyed by Gwathmey, to Marshall, and by him, transferred to M'Clanahan and Bogart, so far as it would extend to the satisfaction of his demands againstMarshall. To reach this fund,seems to have been the leading inducement, in filing the bill.
Pope and Bustard, who are called trustees for Gwathmey, are made defendants, with that object; but how they were appointed trustees, or what authority they had over the property mentioned in the deed of mortgage, from Gwathmey to Marshall,, does not appear.
There is nothing in the cause, which shews the-ground upon which the decree in relation to Pope and Bustard, is based. If they really be trustees for Gwathmey, and have any concern with the property conveyed by him to Marshall, the court should have compelled them to answer and exhibit the nature of their trust, and the amount, if any thing, in their hands, which could, and ought to be appropriated, in payment of the debts due by Marshall, to M’Clana-han and Bogart.,
Equity will not allow Tenant, the quasi representative of M’Clanahan and Bogart, to harrass Marshall so long, as the fund which he placed in their hands, remains undisposed of. That fund must be first exhausted. It was erroneous to decree an ascertained sum against Marshall, and to give the complainant an execution for it, and then to decree against Pope and Bustard, whatever money they then had, or might *156 thereafter get, belonging, either to Marshall, ot M’Clan-ahan and Bogart, without ascertaining what sum, they then had, belonging to Marshall and M’Clanahan, and Bogart; and how, or from what source it came to the hands of Pope and Bustard. The decree is broad enough to embrace all money, had and received by Pope and Bustard, to Marshall’s use, and to direct the payment of it, over to Tenant.
Tho’ a bill be taken for confessed, yet if its allegations be not clear, specific and certain, no decree can be correctly rendered.
We do not perceive the principle, which can justify the court, in directing Marshall’s debtors, to pay over debts due him, to the complainant, who is endeavoring to obtain the debts, which Marshall owes M’Clanahan and Bogart, only. The decree was drawn up, no doubt, under the idea, that all the money, which Pope and Bustard then had, or might receive for Marshall, would arise from the property conveyed to him by Gwathmey, and over which they had controul. But the language of the decree, means much more, so much more, as to render it erroneous. It may be inferred, that there is something in the hands of Pope and Bustard, or a sum which they may yet receive, that ought to be applied to the payment of the debts due by Marshall. In the absence of the necessary facts, in relation to this branch of the cause, it is impossible for us to say what is proper to be done.
The cause has been badly prepared for trial on this branch of it. We shall therefore, direct, when the suit is remanded, that the circuit court give the complainant leave, to make Gwathmey, or his representatives, parties to the suit, they being proper parlies, and it not appearing to us, that Pope and Bustard were his trustees or representatives, for any purpose whatever.
The bill was taken for confessed against Pope and Bustard; but the allegations of the bill are so destitue of precision, in regard to them, that no decree could be rendered against them, of value to the complainant or that will do justice to Marshall. We pass by the extent of Marshall’s liability, because, in the progress of the new proceedings, which it will be proper to institute in the circuit court, for the purpose of reaching the property conveyed by Gwathmey to Mar *157 shall, and subjecting it to the complainant’s claims, it may be that the proof which is brought forward by opening the cause,and other charges in the attitude things as now exhibited, may have such bearing on the merits of the controversy, as to make it proper, hereafter, to render a decree essentially different from that which would now be pronounced. The former opinion, rendered at the present term, is therefore set aside, and this substituted in its place.
Denny, Crittenden and Mills, for plaintiff; Nicholas, for defendant.
The decree of the circuit court is reversed, and the cause remanded for new proceedings, not inconsistent with this opinion. The plaintiff in error must recover his costs.